# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **KENDRICK MONICE JONES** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:18-CV-700-CWR-LRA** |
| **LIEUTENANT EARNESTINE EVANS; LIEUTENANT KATRINA JOHNSON; CAPTAIN ALVIN WASHINGTON;** | **DEFENDANTS** |

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing that was conducted via videoconferencing from the Central Mississippi Correctional Facility before the undersigned United States Magistrate Judge on December 10, 2019. Plaintiff Kendrick Monice Jones appeared *pro se*, and attorney Chad Williams attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

    1.    **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time that he filed his Complaint, Jones was an inmate in the custody of the Mississippi Department of

1

Corrections, housed at the Central Mississippi Correctional Facility. At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge, and that form was mailed to Jones; however, Jones has not yet returned an executed copy of the consent.

Jones's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. Jones's claims arise from an incident that occurred on December 7, 2017, at CMCF. Jones contends that he was threatened with a move to B2 Zone, even though he was not supposed to be housed there because of a danger to his safety. He and another inmate complained and were told they would not be moved. A short time later, however, he was transferred to B2. Once he got there, he was attacked by a group of 15-16 inmates and severely injured. He temporarily lost sight in one eye, his hearing was affected, a tooth was knocked out, and he has memory loss and nightmares. Jones said that he did not receive medical care until his mother called the facility.

As to his claims against the individual Defendants, Jones claims that Lieutenant Evans ordered him to be moved to B Zone. The order was malicious, as Evans had been told that he should not be moved to that Zone. Lieutenant Johnson was in the tower, and she opened the doors to the Zone and locked him in there. Captain Washington participated in the move, even though he knew that Jones was not to be put in that Zone.

The Defendants have moved for summary judgment with the argument that Jones failed to exhaust his administrative remedies. In support, they have attached an Administrative Remedy form submitted by Jones with a document attached that describes the incident. The form was returned, along with an instruction sheet on how to enter the ARP Process. These two deficiencies were noted:

> (3) Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you.
> (7) The Administrative Remedy Program cannot accept requests for staff to be disciplined, dictation on how staff may conduct themselves, any type of compensation, or lawsuit request; & if your letter contains any of these requests, it will therefore be rejected.

According to the Defendants, Jones did not re-submit his grievance. The Motion was filed on December 3, 2019; however, at the Omnibus Hearing, Jones said that he had not seen it. Attorney Williams told the Court that he would send the Motion, along with the discovery requested, to Jones. Since the omnibus hearing, the Defendants have filed a notice with the court that they had served that material on Jones. Jones has filed a document titled "Response to Order," in which he claims that he refiled the relevant ARP documents.

## 2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Defendants have sent Jones the following records:

1. Plaintiff's Relevant ARPs, which are Bates Stamped "MDOC-JONES (700)-000001" through "MDOC-JONES (700)-000042."

2. Plaintiff's Institutional Record which is Bates Stamped "MDOC-JONES (700)-000043" through "MDOC-JONES (700)-000257."

3. Plaintiff's Medical Records excerpts from December 1, 2017, forward which are Bates Stamped "MDOC-JONES (700)-000258" through "MDOC-JONES (700)-000440."

4. Witness List;

5. Exhibit List;

6. Stamp-filed copies of [71] Defendant's Motion for Summary Judgment based on Failure to Exhaust Administrative Remedies, [71-1] Affidavit of Latresia Stewart, and [72] Defendant's Memorandum of Authorities in Support of Motion for Summary Judgment based on Failure to Exhaust Administrative Remedies.

Jones should submit his Witness List, his Exhibit List, and his response to the Motion for Summary Judgment to the Court. If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial. The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 3. TRIAL WITNESSES

Jones has not asked that any MDOC inmates be brought to testify on his behalf. If a trial is conducted, Jones may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Smith may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

2. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 4th day of February, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE