IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENDRICK MONICE JONES**                                        **PLAINTIFF**

VS.                             **CIVIL ACTION NO. 3:18-CV-696-HTW-LRA**

**LAUDERDALE COUNTY, MS;
SHERIFF BILLY SOLLIE;
LIEUTENANT MIRIA RAINEY;
OFFICER DANIELLE SULLIVAN;
TONYA ANDERSON; TAMARA
TAYLOR; LIEUTENANT VIRGIL
RIGDON; MAJOR MELISSA
MCCARTER; DAPHNE BARR;
MARY JO ROBINSON; PATRICIA
PRINCE; OFFICER DeANGELA
HORN; SGT JAMIKA HALFACRE;
And OFFICER JONATHAN
MOWERY**                                                     **DEFENDANTS**

## **OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing that was conducted via videoconferencing from the Central Mississippi Correctional Facility before the undersigned United States Magistrate Judge on December 10, 2019. Plaintiff Kendrick Monice Jones appeared *pro se*, and attorney Grafton Bragg attended the hearing representing Defendants Daphne Barr and Mary Jo Robinson, and attorney Lee Thaggard attended to represent the remaining Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It

1

functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time that he filed his Complaint, Jones was in the custody of the Mississippi Department of Corrections, housed in the Lauderdale County Detention Facility (LCDF). At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge, and the Defendants executed the consent form. The form was mailed to Jones, however, he has not yet returned an executed copy of the consent.

Jones's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on the conditions of his confinement at the LCDF. Jones contends that the conditions at the LCDF are dangerous and filthy, and that he has been housed with inmates with lice or fleas. He says that no blood or TB tests are performed when inmates come to the facility. Guards use their hands to scoop ice, the showers are nasty, and there is food on the walls.

On October 2, 2018, Jones says he was injured by stepping on a rusty screw that was protruding from the floor in the shower. The screw punctured his heel, and Jones says he still has a "ball" on the sole of his foot, which causes him some difficulty in

walking. His ankle and his hips are stiff, and he has trouble when he begins to walk. According to Jones, the Officer Defendants failed in their duty to inspect the shower floor

With regard to the individual Defendants, Jones's claims are as follows: Sheriff Billy Sollie took no action on Jones's complaints, but directed him to Major Harper; Lieutenant Miria Rainey was supposed to make sure that the officers were doing their jobs, but she did not; Danielle Sullivan, Tonya Anderson, Tamara Taylor, and Lieutenant Virgil Rigdon all failed to conduct security checks or inspect the cells. Major Melissa McCarter did not supervise the Lieutenants; Daphne Barr should have considered his injury an emergency that did not require a sick call request and should not have been charged to him; Mary Jo Robinson refused to administer a blood test to him; and Patricia Prince, DeAngela Horn, and Sgt. Jamika Halfacre never inspected the shower area where Jones was hurt.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

The Defendants have sent Jones his medical records and a release. Jones should submit his Witness List and his Exhibit List to the Court. If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial. The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery

mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

3. **TRIAL WITNESSES**

Jones has not asked that any MDOC inmates be brought to testify on his behalf. If a trial is conducted, Jones may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Smith may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

There are no pending motions in this case, and this conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

2. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 4th day of February, 2020.


                     /s/ Linda R. Anderson
              UNITED STATES MAGISTRATE JUDGE